IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK JAMES DAKINS, # 278721, ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> WALTER MYERS, et al., ) <br> ) <br>    Respondents. ) | Civil Action No. <br> 3:19cv664-ECM-SMD <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

In September 2019, Patrick James Dakins, at the time a state prisoner at the Easterling Correctional Facility in Clio, Alabama, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he argues that the Alabama Department of Corrections ("ADOC") improperly denied him eligibility for correctional incentive time deductions and is holding him in custody past the end of his sentence in violation of his constitutional rights. Doc. 1.[1] For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that Dakin's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II.     PROCEDURAL HISTORY

### A.     Guilty Plea, Sentence, and Rule 32 Petition

In September 2009, a Lee County grand jury indicted Dakins for sexual abuse of a child under 12 years old, in violation of ALA. CODE § 13A-6-69.1. Doc. 18-1. On May 6, 2011, Dakins pled guilty to the lesser-included offense of sexual abuse in the first degree, in violation of ALA. CODE § 13A-6-66. Doc. 10-2 at 3–4. That same day, the trial court sentenced Dakins to 10 years in prison. Doc. 10-2 at 1–2. Dakins didn't appeal.

In February 2016, Dakins filed a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure in which he argued that his 2011 guilty plea was not knowing and voluntary and that he had received ineffective assistance of counsel in that proceeding. Doc. 10-3. In March 2018, the trial court entered an order denying Dakins's Rule 32 petition, finding that his claims lacked merit and that his petition was time-barred by the one-year limitation period in Ala. R. Crim. P. 32.2(c). Doc. 10-4. Dakins did not appeal that decision.

### B.     Petition for Writ of Certiorari Seeking Correctional Incentive Time

In May 2018, Dakins filed in the Barbour County Circuit Court a petition he styled as a "Petition for Writ of Habeas Corpus"[2] in which he argued that ADOC improperly assigned him an "S" restriction, which, under ALA. CODE 14-9-41(e), prohibited him from earning correctional incentive time, because the victim of his offense was under 12 years old. Doc. 10-5 at 1–3. Dakins based his claim on the fact that, although he was

---

[2] Dakins was incarcerated at the Easterling Correctional Facility when he filed the petition. That facility is located in Clio, which is in Barbour County, Alabama.

indicted for sexual abuse of a child under 12 years old, he pled guilty to the lesser-included offense of sexual abuse in the first degree. Doc. 10-5 at 2. While the former offense includes the victim's age as a statutory element, *see* ALA. CODE § 13A-6-69.1, the latter offense does not, *see* ALA. CODE § 13A-6-66. Dakins argued that he had served 7 years of his 10-year sentence but that he "should have only done a little over 4 [years] with incentive Goodtime." Doc. 10-5 at 2. He asked the state court to order ADOC to grant him the correctional incentive time deductions, which, he said, he "is due and would end his sentence." Doc. 10-5 at 2.

ADOC filed a motion in which it argued that because Dakins was challenging the decision of an administrative agency, i.e., ADOC, his self-styled Petition for Writ of Habeas Corpus should be converted to a Petition for Writ of Certiorari and transferred to the Montgomery County Circuit Court for that court to rule on.[3] Doc. 10-5 at 19–21. The Barbour Circuit Court granted ADOC's motion to convert and transferred Dakins's petition to the Montgomery Circuit Court. Doc. 10-5 at 22, 27.

After Dakins's petition was converted to a Petition for Writ of Certiorari and transferred to the Montgomery Circuit Court, ADOC moved for that court to dismiss the petition, arguing that because Dakins's victim was under 12 years old at the time of the offense, Dakins was prohibited under ALA. CODE § 14-9-41(e) from earning correctional incentive time deductions. Doc. 10-7 at 1–2. Section 14-9-41(e) states:

---

[3] Under Alabama law, a party seeking review of a ruling by an administrative agency may petition the Montgomery County Circuit Court for a common law writ of certiorari. *State Pers. Bd. v. State Dep't of Mental Health & Mental Retardation*, 694 So. 2d 1367, 1371 (Ala. Civ. App. 1997) (citing *Ellard v. State*, 474 So. 2d 743 (Ala. Crim. App. 1984)).

> [N]o person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary or in the county jail at hard labor or in any municipal jail. No person may receive the benefits of correctional incentive time if he or she has been convicted of a criminal sex offense involving a child as defined in Section 15-20A-4(26).[4]

ALA. CODE § 14-9-41(e). On February 22, 2019, the Montgomery Circuit Court entered an order granting ADOC's motion to dismiss Dakins's Petition for Writ of Certiorari, finding that, as ADOC argued, Dakins was prohibited under § 14-9-41(e) from earning correctional incentive time. Doc. 10-8.

C.   **Appeal of Dismissal of Petition for Writ of Certiorari**

Dakins appealed the Montgomery Circuit Court's dismissal of his Petition for Writ of Certiorari, and on May 17, 2019, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the Montgomery Circuit Court's ruling. Doc. 10-11. In relevant part, the Alabama Court of Criminal Appeals stated:

> Specifically, Dakins argued [in his Petition for Writ of Certiorari] that because he pleaded guilty to first-degree sexual abuse and not the offense of sexual abuse of a child less than 12 years old as defined by § 15-20A-4, Ala. Code 1975, he should not be denied "goodtime credit." (C. 4-5.) In response, [ADOC] moved to convert and dismiss the petition arguing that "[Dakins] has failed to state a claim upon which relief can be granted; therefore, this claim is due to be dismissed pursuant to Ala. R. Civ. P. 12(b)(6)." (C. 44.) According to [ADOC], § 14-9-41(e), Ala. Code 1975, provides that "[n]o person may receive the benefits of correctional incentive time if he has been convicted of a sex offense involving a child as defined in Section 15-20A-4(26), a person who has not attained the age of 12." [ADOC] argued that "[Dakins] was given an 'S' restriction which prevented him from earning correctional incentive time because the victim was less than 12 years of age

---

[4] ALA. CODE § 15-20A-4(26) defines "sex offender" to "[i]nclude[ ] any adult sex offender, any youthful offender sex offender, and any juvenile sex offender." ALA. CODE § 15-20A-4(2) defines "child" as "[a] person who has not attained the age of 12."

4

> at the time of the offense." (C. 44–45.) [ADOC] also included supporting documents. (C. 47–50.). . . .
>
> On appeal, Dakins reiterates the claim that he has not been allowed to earn good time on his 10-year sentence raised in his petition. . . .
>
> [U]nder §§ 14-9-41(e) and 15-20A-4(27), Ala. Code 1975, Dakins is ineligible for correctional incentive time. As noted above, Dakins pleaded guilty to and was sentenced for first-degree sexual abuse, the facts underlying that offense of which involved a child less than 12 years old. The relevant statutes in this case defined "child" as "under the age of 12." Dakins does not dispute, and did not provide evidence or allegations to rebut, [ADOC]'s claim that at the time of the offense, the victim was a child under the age of 12. *See* Dakins's brief, p. 7. As such, Dakins is not entitled to relief.
>
> And, even if Dakins were eligible, the granting of correctional incentive time under § 14-9-41 is discretionary and, thus, Dakins was not deprived of a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

Doc. 10-11 at 1–4. Dakins applied for rehearing, which was overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 9, 2019. Doc. 14-1.

**D.     § 2254 Petition**

On September 10, 2019, Dakins filed this petition for federal habeas corpus relief under 28 U.S.C. § 2254, in which he argues that ADOC improperly applied § 14-9-41(e) to prohibit him from earning correctional incentive time deductions, miscalculated his release date, and is holding him in custody past the expiration of his sentence in violation of his constitutional rights.[5] Doc. 1.

---

[5] Dakins cursorily alleges that ADOC's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and his right to equal protection under the laws. Doc. 1 at 3.

## III. DISCUSSION

In its memorandum opinion affirming the Montgomery Circuit Court's dismissal of Dakins's Petition for Writ of Certiorari, the Alabama Court of Criminal Appeals held that ADOC correctly applied § 14-9-41(e) to deny Dakins eligibility to earn correctional incentive time because that statute excludes from such eligibility all persons convicted of committing a sex offense involving a child under 12 years old, and the facts underlying Dakins's conviction for sexual abuse in the first degree showed that he committed that offense against a child under 12 years old. Alabama courts have upheld ADOC's authority to look to the facts underlying an offense, not just its statutory elements, in determining whether the offense is a sexual offense for purposes of § 14-9-41(e). *See D.L.S. v. State*, 675 So. 2d 1363, 1364 (Ala. Crim. App. 1995); *see also Roper v. Campbell*, 2007 WL 604789, at *4 (M.D. Ala. Feb. 22, 2007) (noting that "the [Alabama] administrative regulation governing prison classification . . . permits reliance on facts and circumstances surrounding a conviction in determining an inmate's classification as a sexual offender"). Dakins shows no impropriety in ADOC's policy of considering the facts underlying a defendant's conviction, not merely the statutory elements of the offense of conviction, to determine whether a defendant has been "convicted of a criminal sex offense involving a child" for purposes of § 14-9-41(e).

With his federal pleadings, Dakins submits what he purports to be a copy of the victim's birth certificate, which he says indicates the victim would have been 13 years old at the time of Dakins's offense. Doc. 14 at 2; Doc. 14-2. However, Dakins did not offer this document—or make this argument—in his Petition for Writ of Certiorari in the

Montgomery Circuit Court. Nowhere in that petition did Dakins allege that the victim was over 12 years old at the time of the offense. His sole argument in the petition was that because the victim's age is not a statutory element of sexual abuse in the first degree, § 14-9-41(e) did not prohibit him from earning correctional incentive time, and ADOC therefore improperly denied him correctional incentive time deductions. Doc. 10-5 at 1–3. This was the same argument Dakins presented in his § 2254 petition filed in this Court in September 2019. He first made a claim to this Court about the victim's age in a document he filed in November 2019, over a month and a half after filing his § 2254 petition. Doc. 14 at 2.

Although in the brief he filed on appeal from the Montgomery Circuit Court's dismissal of his Petition for Writ of Certiorari, Dakins made a conclusory assertion that the victim was over 12 years old at the time of his offense (*see* Doc. 10-10 at 7), this was not actual evidence properly presented to the state court. *See, e.g., Suggs v. Sam's E., Inc.*, 2020 WL 1640181, at *4 (N.D. Ala. Apr. 2, 2020) (statements in briefs, without support from the record, are not evidence). In its memorandum opinion affirming the Montgomery Circuit Court's dismissal of Dakins's Petition for Writ of Certiorari, the Alabama Court of Criminal Appeals found that Dakins had failed to provide evidence rebutting ADOC's contention that, at the time of Dakins's offense, the victim was a child under the age of 12.[6] Doc. 10-10 at 4. Considering the record that was before the state courts, this Court cannot say that the state courts—or ADOC—incorrectly determined that Dakins was prohibited

---

[6] It is fair to say that the state courts never dealt head-on with the question of the victim's actual age at the time of the offense because Dakins never properly raised the issue or offered documented support for the claim in the state courts.

7

from earning correctional incentive time under § 14-9-41(e). Dakins has demonstrated no entitlement to federal habeas relief.

Moreover, even an Alabama inmate who is eligible for correctional incentive time deductions has no constitutional right or entitlement to receive these deductions from the term of his sentence, nor is any such right created by state law, because granting such deductions under ALA. CODE § 14-9-41(e) is discretionary. *Conlogue v. Shinbaum*, 949 F.2d 378, 380–81 (11th Cir. 1991); *see Sandin v. Conner*, 515 U.S. 472 (1995). Although § 14-9-41(e) contains language delineating which inmates are eligible to receive correctional incentive time, the statute does not create an interest in receiving correctional incentive time upon meeting the eligibility criteria, nor does it contain any explicit mandatory language that restricts the discretion of persons charged with deciding whether an inmate should be granted these time deductions. While the eligibility criteria are prerequisites, the statute does not establish a right to receive correctional incentive time deductions even if the criteria are met. Thus, the failure to grant correctional incentive time deductions to an inmate does not alter or extinguish a protected right or status and therefore does not deprive inmates of any protected liberty interest. *Robinson v. Deloach*, 2009 WL 1116838, at *5 (M.D. Ala. 2009); *see also Frazier v. Stewart*, 2018 WL 3451581, at *2 (M.D. Ala. June 12, 2018); *Hall v. Alabama Dep't of Corr.*, 2016 WL 4575319, at *2 (M.D. Ala. Aug. 3, 2016). Consequently, Dakins's argument about an unconstitutional denial of

correctional incentive time deductions lacks merit, as it alleges "infringement of a legal interest which clearly does not exist."[7] *Robinson*, 2009 WL 1116838, at *5.

Finally, ADOC records submitted by the Respondents reflect that on May 30, 2021, while Dakins's § 2254 petition was pending in this Court, Dakins completed his 10-year sentence and was released from ADOC custody. Docs. 40, 40-1. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002); *Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007). Because Dakins has completed his sentence and has been released from ADOC custody, this Court cannot give him meaningful relief—a reduction in his sentence or release from custody—on his claims. Because no alleged injury can be redressed by a favorable decision, Dakins's case is moot. *See, e.g., Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because Munoz has been released . . ., we can no longer provide him the primary relief sought in his habeas corpus petition."); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). For this reason, reaching the merits of the arguments presented by Dakins would serve no purpose.

---

[7] Both in the state courts and in his § 2254 petition, Dakins only cursorily asserted that ADOC's actions denied him equal protection under the laws. In order to establish a claim cognizable under the Equal Protection Clause, a prisoner must, at a minimum, demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Sweet v. Secretary, Dept. of Corrections*, 467 F.3d 1311, 1318–19 (11th Cir. 2006). Evidence that merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987). Dakins fails even to allege, let alone establish, that he was treated differently on account of some form of invidious discrimination tied to a constitutionally protected interest.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition filed by Dakins be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or by **May 18, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of May, 2022.

    /s/    Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE